**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

LISA MURPHY,
ADC #760343 PLAINTIFF

V. 1:15CV00047-JM-JTK

CLARA ROBINSON, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Murphy is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC). She filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that Defendants Robinson and Cox filed a false disciplinary charge against her in retaliation for the filing of lawsuits.[1] Plaintiff asks for monetary and injunctive relief.

This matter is before the Court on the Motion to Dismiss filed by Defendants Robinson and Cox (Doc. No. 9), to which Plaintiff has responded (Doc. No. 14).

### II. Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the

[1]Defendants Martin, Dixon, Faust, Budnick, Dykes, Allen, and Norris were dismissed on April 28, 2015, for failure to state a claim upon which relief may be granted (Doc. No. 7).

grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

In support of their Motion, Defendants state Plaintiff's Complaint should be dismissed as frivolous, because she previously filed the same action against them which was dismissed for failure to exhaust her administrative remedies, yet re-filed the action without further exhausting her remedies. In response, Plaintiff states that Defendants admit she exhausted a grievance she filed, and that the previous action should never have been dismissed.

Having reviewed the parties' submissions, the Court finds that Defendants' Motion should be granted. Plaintiff previously asserted the same claims against Defendants Robinson and Cox in Murphy v. Robinson, 1:14CV00143-JLH-JTK (Murphy I). Defendants moved for summary judgment, claiming she failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance procedure. The Court granted Defendants' Motion, finding that the only grievance exhausted by Plaintiff concerning either of the Defendants during the relevant time period was MCP 14-00940, and that the grievance did not name Defendant Cox and did not refer to retaliation by either of the Defendants. (Doc. Nos. 19, 20).

Similarly, in this case, Plaintiff relies on grievance MCP 14-00940. When she filed the present Complaint (Murphy 2), she noted the prior lawsuit which dealt with the same facts, and stated that she had now exhausted the grievance process. (Doc. No. 2, pp. 1-2) However, grievance

MCP 14-00940 does not mention Defendant Cox and does not allege retaliation by either of the Defendants. Therefore, for the same reasons set forth in Murphy 1, Plaintiff's Complaint against Defendants Cox and Robinson should be dismissed for failure to exhaust.

The Court clearly set forth its reasoning in Murphy 1, and Plaintiff is no stranger to litigation in the federal courts or to filing grievances with the ADC. See Murphy v. Jones, et al., 1:14CV00125-BSM, May 7, 2015 Order, where the Court noted that since 2003, Murphy has filed fifty-five pro se lawsuits. See also Declaration of Terry Brown, ADC grievance coordinator, Doc. No. 10-1. In light of all these factors, the Court finds that the present lawsuit filed by Plaintiff Murphy should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and should count as a strike within the meaning of 28 U.S.C. § 1915(g).[2]

**III. Conclusion**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion to Dismiss be GRANTED.

2. Plaintiff's Complaint be DISMISSED with prejudice as frivolous.

3. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

4. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 5th day of June, 2015.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE